**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

IGOR LYAKHOVESTSKIY,
Petitioner,
v.
MARKWAYNE MULLIN, *et al.*,
Respondents.

Case No. 26-cv-05858-BAS-BJW

**ORDER DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 4)**

Petitioner Igor Lyakhovestskiy filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming: (1) he was improperly denied bond pursuant to Section 1226(c), and (2) he was improperly arrested without an administrative warrant. (ECF No. 4.) The Government filed a Return, saying: (1) Petitioner is subject to mandatory detention because of his conviction for possession of fentanyl, and (2) Petitioner was presented with an administrative warrant when he was transferred to Immigration and Customs Enforcement ("ICE") custody. (ECF No. 7.) Petitioner filed a Traverse. (ECF No. 8.) For the reasons stated below, the Court **DENIES** the Amended Petition.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ

is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The writ is available to noncitizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody, and since he is seeking release from custody, he has standing to pursue this Petition.

## II. STATEMENT OF FACTS

Petitioner, a Ukrainian citizen, entered the United States on August 30, 1996, as a legal permanent resident. (ECF No. 4.) Unfortunately, since that time, Petitioner has amassed a fairly lengthy criminal record, including three convictions for driving under the influence and a conviction for possession of a controlled substance—to wit, fentanyl. (ECF No. 7-1.)

On July 12, 2026, Petitioner was arrested for alien smuggling. (ECF No. 7-1.) Two months later, on September 18, 2026, Petitioner was transferred into ICE custody. (ECF No. 7-2.) Although Petitioner states he does not believe he was shown a warrant or received a notice to appear at the time of the transfer (ECF No. 4, Ex. A ¶ 5), the Government presents evidence that Petitioner was served with both the notice to appear and an administrative warrant on the same day he was transferred into ICE custody (ECF Nos. 7-2, 7-3).

## III. ANALYSIS

### A. Mandatory Detention

Under Title 8, United States Code, Section 1226(c), an individual convicted of the equivalent of a federal controlled substance felony is mandatorily detained while that individual is litigating his deportation. 8 U.S.C. §§ 1226(c), 1227(a). Petitioner does not dispute that the Government has charged him with being deportable because of his March 17, 2025, conviction of possession of a narcotic substance—to wit, fentanyl. (ECF No. 7-2.) Nor does Petitioner dispute that he has this conviction. Possession of fentanyl is the equivalent of a federal controlled substance felony. Hence, Petitioner is mandatorily

detained under Section 1226(c), and the Court rejects his argument that he was improperly denied bond.

**B. Arrest with Warrant**

Title 8, United States Code, Section 1226(a) states, "*On a warrant* issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States" (emphasis added). Petitioner argues that he does not believe he was shown a warrant or received a notice to appear at the time he was transferred from state to immigration custody. (ECF No. 4, Ex. A ¶ 5.) But the undisputed record shows Petitioner was transferred from state to ICE custody on September 18, 2026, and on that date, Petitioner was served with both a notice to appear (ECF No. 7-2) and an administrative warrant (ECF No. 7-3). Therefore, his arrest was proper.

## IV. CONCLUSION

Because Petitioner is mandatorily detained under 8 U.S.C. § 1226(c), and because he was served with an administrative warrant at the time he was transferred into ICE custody, the Amended Petition (ECF No. 4) is **DENIED**. The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: November 5, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**